UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
THOMAS J. CHISHOLM, II,

                              Plaintiff,

            -against-

SUPREME COURT JUDGE, LINDA KEVINS (N.Y.);
NEW YORK STATE COMMISSION ON JUDICIAL
CONDUCT, NEW YORK STATE ATTORNEY
GENERALS' OFFICE, JOSEPH W. BELLUCK,
CHAIR; LETITIA JAMES, NEW YORK STATE
ATTORNEY GENERAL;

                             Defendants.
-------------------------------------------------------------------X

For Electronic Publication Only

**MEMORANDUM & ORDER**
23-CV-5169(JMA)(SIL)

**FILED**
**CLERK**

7/8/2024 10:33 am

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, District Judge:**

    Before the Court is the application to proceed *in forma pauperis* ("IFP") filed by Thomas J. Chisholm, II ("Plaintiff"), proceeding *pro se*, in relation to his complaint brought pursuant to 42 U.S.C. § 1983 ("Section 1983") against New York State Supreme Court Judge Linda Kevins ("Judge Kevins"), the New York State Commission on Judicial Conduct ("NYSCJC"); the New York State Attorney General's Office ("AG's Office"); Joseph W. Belluck, as Chair of the NYSCJC ("Belluck"); and Letitia James, as New York State Attorney General ("James" and collectively, "Defendants"). (See Complaint, ECF No. 1, IFP App., ECF No. 8.)

    Upon review of the declaration accompanying Plaintiff's IFP application, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Accordingly, for the reasons that follow, the Court grants Plaintiff's IFP application and *sua sponte* dismisses the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I.  BACKGROUND

Plaintiff's complaint is submitted on the Court's Section 1983 complaint form with an additional five-page statement of "Underlying Facts" and two pages of exhibits.  (Compl., ECF No. 1, in toto.)  Plaintiff seeks redress for the alleged deprivation of his First and Fourteenth Amendment rights in relation to the disposition of two cases in the New York State Supreme Court, Suffolk County, under Index Nos. 607585/2021 and 204057/2022.  (Id. ¶ II.B; ¶ III.B.)

According to the instant federal complaint, Plaintiff had filed two complaints in the New York State Supreme Court's Riverhead location; both cases concerned "the very same subject matter" and both cases were assigned to Judge Kevins.  (ECF 1-1, at 1-2.)  Plaintiff alleges that the defendants named in those cases "have business relationships with the [state] court" and, as a result, Judge Kevins "disposed" of the cases "without a notice of entry in both cases."  (Id. at 2.)  Plaintiff complains that he "pleaded for due process" to Judge Kevins in "many correspondence[s] . . . to no avail."  (Id.)

For Index No. 607585/2021, Plaintiff alleges that "no notice of entry" was "given."  (ECF No. 1 at 5.)  For Index No. 204057/2022, Plaintiff alleges that that the case was "disposed [of]" without any "notice received" by Plaintiff.  (Id.)  Thus, Plaintiff's complaint appears to allege that he never received a notice of entry in either case.  Plaintiff claims both that he could not appeal "without a notice of entry" and that "the time appeal these decisions [] expired."  (Id.)

State court records for these two cases indicate that notices of entry were filed in both cases and include affidavits of service attesting that the copies of the notices of entry and relevant orders issued by Judge Kevins were mailed to Plaintiff.[1]

---

[1]  The Court can take judicial notice of the records of these related state court proceedings.  See Blue Tree Hotel Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004); Durosene v. Bank of Am., N.A., No. 19-CV-4181, 2020 WL 3403083, at *1 (E.D.N.Y. June 19, 2020).

According to the information maintained by the New York State Office of Court Administration on its public website, in the case under Index No. 607585/2021, Plaintiff signed a stipulation on January 24, 2022 adjourning the defendants' motion to dismiss and extending Plaintiff's time to serve his opposition to that motion until February 8, 2022. (See Stip., NYSECF Doc. No. 22.) Having received no opposition to the motion, the defendants filed the motion on February 15, 2022, and by Short Form Order dated August 24, 2022, Judge Kevins granted the motion. (See NYSECF Doc. No. 23.) Noting that Plaintiff failed to oppose the motion, Judge Kevins' August 24 Short Form Order dismissed the complaint for failure to timely effect service of the summons and complaint. (Id. ("The plaintiff has not interposed opposition to defendants' motion herein and thus has not established good cause to extend the time for service. There is no e-filed proof of service of the summons and complaint upon the defendants in this case.") Defense counsel then filed a Notice of Entry in this case, including an affidavit of service, which attests that the "Order with Notice of Entry" was mailed to Plaintiff at 50 St. John Place, West Babylon, New York. (See NYSECF Docs. 22, 24.) That is the same address listed under Plaintiff's signature on the stipulation discussed above. (See NYSECF Docs. 22, 24.)

Similarly, in the case under Index No. 204057/2022, by Order dated December 1, 2022, Judge Kevins denied Plaintiff's application to proceed as a poor person because he "failed to make a sufficient showing of a meritorious cause of action." (See NYSECF No. 9.) The Notice of Entry in this case also an affidavit of service indicating that it was mailed to Plaintiff at the same address. (See NYSECF No. 17.)

The orders and notices of entry discussed above are posted on the public website maintained by the New York State Office of Court Administration where Plaintiff could view them. (See https://iapps.courts.state.ny.us/webcivil)

3

The New York State Office of Court Administration's public website does not indicate that Plaintiff ever filed a notice of appeal in either case. And Plaintiff's federal complaint does not allege otherwise. Plaintiff never alleges that he filed a notice of appeal in either case. Instead, Plaintiff alleges that he:

> [C]omposed a complaint to the Commission on Judicial Conduct dated January 21, 2023, listing the civil rights violations committed by judge Kevins and to [his] surprise and disappointment . . . , then desperately sought relief through the New York State Appellate Court and rejected receiving no right to grieve the Judge and her unlawful acts, violations of oath of office and denial of the [his] rights.

(ECF No. 1-1.)

These allegations appear to indicate that Plaintiff sought unspecified relief from the Appellate Division concerning his complaint to the "Commission on Judicial Conduct."

Plaintiff also alleges that he filed complaints against Judge Kevins with the New York State Attorney General's Office. (Id. at 3.) Plaintiff also describes phoning that office and, after speaking with "different employees" there, he was "chastised with a harsh verbal thrashing that the New York State Attorney General's Office only represent[s] the Department and interests of New York State." (Id.)

As a result, Plaintiff describes that he is[2]

> fed up with not being treated as a Citizen of The United States, protected by birth right! The Complainant ancestry has been traced to the 1600's through slavery prior to the Emancipation Proclamation, complainants' family history includes relatives that served and died for this country and the enjoyment of the rights established through these sacrifices. Recent family history includes a family members employed by Suffolk County Law Enforcement, New York State Law Enforcement, the Federal Bureau of Investigations and a daughter that served honorably in The United States Navy for Six years.
>
> This complainant, if need be, WILL NOT EVER! TUCK TAIL AND SWEEP

---

[2] Excerpts from the complaint have been reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

4

> WHAT THESE DEFENDANTS' DID AND THE GROSS CONSTITUTIONAL VIOLATIONS COMMITTED AGAINST HIM!!!
>
> If the reading of EVERY LAW BOOK WRITTEN AND EVERY VEHICLE allowed BY LAW to bring ALL THE DEFENDANTS' before a tribunal of complainants peers and a lawful rendering by such has been acquired, then and only then will complainant be at peace and pleased with the keepers administers of the Both United States and New York State Constitutions' set forth long ago prohibiting exactly what Complainant has experienced with the Defendants'.

(*Id*. at 3-4.)

For relief, Plaintiff seeks to "[c]ompel Defendants to do the jobs lawfully, respect the constitutional rights of the Plaintiff fully without prejudice or impartial enforcement of Law, restore complaint, and allow the complaint to be presented before a Judge that is truly Honorable, unbiased and a TRUE representative of the Constitutional Rights of ALL citizens even those who are of color and not a friend; All deemed just and proper."  (Id. ¶ V.)

## II.  DISCUSSION

### A.  In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed *in forma pauperis*, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee.  28 U.S.C. § 1915(a)(1).  Therefore, Plaintiff's application to proceed *in forma pauperis* is granted.

### B.  Standard of Review

Pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915 (e)(2)(B).  The Court must dismiss the action as soon as it makes such a determination.  28 U.S.C.

5

§ 1915A(b).

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read a plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (*per curiam*) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (*per curiam*) (internal quotation marks and citations omitted). Indeed, "[a]s th[e] [Supreme] Court has repeatedly stressed, 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Simmons v. United States, 142 S. Ct. 23, 25 (2021) (quoting *Erickson*, 551 U.S. at 94); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550

6

U.S. at 555).

C. **Section 1983**

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999). In addition, in an action brought pursuant to § 1983, a plaintiff must allege the personal involvement of the defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citing Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)).

1. **Sovereign Immunity**

The Eleventh Amendment to the Constitution states that:

[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

In essence, the Eleventh Amendment prevents non-consenting states, state agencies, and state officials (who are named in their official capacities) from being sued by private individuals in federal court. See Bd. of Tr. of the Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001). "This immunity shields states from claims for money damages, injunctive relief, and retrospective declaratory relief." Yi Sun v. Saslovsky, 19-CV-10858, 2020 WL 6828666, at *3 (S.D.N.Y. Aug. 6, 2020) (citing Green v. Mansour, 474 U.S. 64, 72-74 (1985); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101-02 (1984)).

"It is well-established that New York State has not consented to Section 1983 suits in federal court . . . and that Section 1983 was not intended to override a state's sovereign immunity." Mamot v. Board of Regents, 367 F. App'x 191, 192 (2d Cir. 2010) (internal citation omitted); Brown v. Ukeiley, 22-CV-7214(JMA)(AYS), 2023 WL 6673474, at *4 (E.D.N.Y. Oct. 12, 2023). Thus, Plaintiff's Section 1983 claims against the NYSCJC and the AG's Office are barred by the Eleventh Amendment and are thus dismissed pursuant to 28 U.S.C. § 1915(e)(2) (B)(i)-(iii).

However, suits against state officials in their official capacities are permitted for prospective injunctive relief to stop ongoing violations of federal law. Mary Jo C. v. New York State & Local Ret. Sys., 707 F.3d 144, 166 (2d Cir. 2013); State Emps. Bargaining Agent Coal. v. Rowland, 494 F.3d 71, 95 (2d Cir. 2007) (Under the exception set forth in Ex parte Young, 209 U.S. 123 (1908), "a plaintiff may sue a state official acting in his official capacity -- notwithstanding the Eleventh Amendment - - for prospective, injunctive relief from violations of

8

federal law.") (citation omitted)).

Insofar as Plaintiff seeks prospective injunctive relief from Belluck and James in their official capacities, such claims also necessarily fail because "[m]erely alleging that an official has the general duty to enforce or execute the law is insufficient to overcome Eleventh Amendment immunity."[3] Sibley v. Watches, 501 F. Supp. 3d 210, 234 (W.D.N.Y. 2020) (citing Wang v. Pataki, 164 F. Supp. 2d 406, 410 (S.D.N.Y. 2001))

Further, as explained below, any claims against Judge Kevins are also barred by judicial immunity and the text of Section 1983, and any claims against Belluck and James also fail because Plaintiff has not alleged that either were personally involved in the challenged conduct.

## 2. Judicial Immunity

Plaintiff's Section 1983 claims against Judge Kevins must be dismissed because she is absolutely immune from a suit for damages based on Plaintiff's allegations and the text of Section 1983 precludes Plaintiff's claim for injunctive relief.[4]

Section 1983 states that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. As

---

[3] Plaintiff seeks, as prospective injunctive relief, that these defendants "do the[ir] jobs lawfully, respect the constitutional rights of the Plaintiff fully without prejudice or impartial enforcement of Law, restore complaint, and allow the complaint to be presented before a Judge that is truly Honorable, unbiased and a TRUE representative of the Constitutional Rights of ALL citizens even those who are of color and not a friend" (Compl ¶. V.) However, neither of these defendants even have the authority to "restore [Plaintiff's] complaint" and to have it assigned to a different judge.

[4] Plaintiff's complaint appears to request only injunctive relief. To the extent Plaintiff also seeks damages against Judge Kevins, such a claim is also barred because judges have absolute immunity from suit for any actions taken within the scope of their judicial responsibilities. Mireles v. Waco, 502 U.S. 9, 11 (1991). When judicial immunity applies, the Court may, on its own, dismiss the complaint "without affording a hearing or other notice of dismissal." Rolle v. Shields, 16-CV-2487(BMC)(LB), 2016 WL 3093898, at *1 (E.D.N.Y. June 1, 2016), aff'd, No. 16-2307, 2017 WL 6759305 (2d Cir. Apr. 26, 2017) (citing Tapp v. Champagne, 164 F. App'x 106 (2d Cir. 2006) (summary order) (affirming *sua sponte* dismissal of § 1983 claims against judges protected by absolute immunity).

explained below, Judge Kevins was acting in her "judicial capacity," no declaratory decree was violated, and Plaintiff has not plausibly alleged that declaratory relief was unavailable to him through an appeal in state court.

Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." Bliven v. Hunt, 579 F.3d 204, 210 (2d Cir. 2009). Here, Plaintiff complains that Judge Kevins "disposed" of his cases. (Compl., ECF No. 1 at 2.) Judge Kevins' alleged actions were clearly taken in her judicial capacity.

Additionally, no declaratory decree was violated here, and Plaintiff has not plausibly alleged that declaratory relief was unavailable to him through an appeal in state court. Berlin v. Meijias, No. 15-CV-5308, 2017 WL 4402457, at *4 (E.D.N.Y. Sept. 30, 2017); see McKeown v. N.Y. State Comm'n on Jud. Conduct, 377 F. App'x 121, 123 (2d Cir. 2010) ("To the extent that Appellant seeks injunctive relief against Judge Scarpino, moreover, Appellant does not allege that a declaratory decree was violated or that declaratory relief was unavailable, and so § 1983 relief is not available."); LeDuc v. Tilley, No. 05-CV-157, 2005 WL 1475334, at *7 (D. Conn. June 22, 2005) ("Declaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order."); see also Vazquez-Diaz v. Borreiro, No. 22-CV-8708, 2022 WL 17539501, at *3 n.4 (S.D.N.Y. Dec. 5, 2022), appeal dismissed, No. 23-42, 2023 WL 4347957 (2d Cir. May 4, 2023).

Plaintiff's conclusory allegations in the complaint are insufficient to plausibly allege that appeals were "unavailable" to him in state court. If Plaintiff wished to dispute the affidavits of service filed in state court on the ground that he never received the notices of entry, he had the ability to try to contest those affidavits in state court, including through litigation before the

10

Appellate Division.  See Heffernan v. Vill. Of Munsey Park, 133 A.D.2d 139, 140, 518 N.Y.S.2d 813, 814 (App. Div. 2d Dep't 1987) (remitting case to Supreme Court for a hearing concerning alleged service of "judgment with notice of entry" because appellant denied "receipt of a judgment purportedly served by mail and there is insufficient evidence of proper service"); Strober King Bldg. Supply Centers, Inc. v. Merkley, 266 A.D.2d 203, 203, 697 N.Y.S.2d 319, 319 (App. Div. 2d Dep't 1999) (dismissing appeal because appellant's conclusory statements in his reply brief failed to rebut the validity of a properly executed affidavit of service which indicated that appellant had been mailed a copy of the judgment and notice of entry more than thirty before he filed his notice of appeal); see also Hart v. New York City Hous. Auth., 161 A.D.3d 724, 724–25, 76 N.Y.S.3d 203, 204–05 (App. Div. 2d Dep't 2018) (holding that where written notice of entry of order was never served on defendant, "the defendant's time to appeal never commenced running, and its notice of appeal was therefore timely filed").  Accordingly, state court appeals were not "unavailable" to Plaintiff.  Thus, his claims for injunctive relief against Judge Kevins are not permitted under Section 1983.  The Court also notes that Plaintiff's complaint does not even allege that he filed a notice of appeal and contested the validity of the affidavits of service for the notices of entry that defendants filed in state court.  This is a further reason why Plaintiff has failed to plausibly allege that appeals were "unavailable" to him.[5]

The Court therefore dismisses Plaintiff's Section 1983 damages claims against Judge Kevins under the doctrine of judicial immunity and dismisses Plaintiff's Section 1983 claims for

---

[5] Plaintiff's allegations indicate that he submitted unspecified papers to the Appellate Division that appear to have concerned his complaint to the Commission on Judicial Conduct.  Even assuming arguendo that Plaintiff had unsuccessfully contested the validity of the service of the notices of entry in the Appellate Division, that alone would not be sufficient to establish that appeals were "unavailable" to him.

injunctive relief against Judge Kevins because such relief is precluded by Section 1983.[6]  See 28 U.S.C. § 1915(e)(2)(B); Mills v. Fischer, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute].").

### 3.  Persons Under Section 1983

Plaintiff's Section 1983 claims against the NYSCJC and the AG's Office must also be dismissed because these defendants are not suable entities and proper parties under Section 1983. Section 1983 provides that an action may be maintained against a "person" who has deprived another of rights under the "Constitution and laws." 42 U.S.C. § 1983. Neither of these entities are "persons" within the meaning of Section 1983.  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (state is not a "person" for the purpose of Section 1983 claims); DeFreitas v. Toulon, 23-CV-5933, 2024 WL 308250, at *1 (E.D.N.Y. Jan. 26, 2024) (dismissing claims against the State of New York Citizen's Policy and Complaint Review Council and the NY Grievance Committee, among others, because they are not "persons" within the meaning of Section 1983) (citing Hester-Bey v. Police Dep't, 12-CV-3320, 2012 WL 4447383, at *1 (E.D.N.Y. Sept. 24, 2012) (explaining that "Section 1983 provides that an action may only be maintained against a 'person' who has deprived another of rights under the 'Constitution and Laws,' " and holding that, because "[t]he New York City Police Department is not a 'person' within the meaning of section

---

[6] Because Plaintiff's claims for injunctive relief against Judge Kevins are not permitted under Section 1983, the Court does not need to reach the merits of those claims.  Nevertheless, the Court notes that Plaintiff's claims that Judge Kevins somehow violated his constitutional rights concerning the notices of entry are contradicted by court filings on the state court website.  Defense counsel filed the notices of entry—which included affidavits of service attesting that the notices were mailed to Plaintiff—and it does not appear that Plaintiff ever challenged those affidavits before Judge Kevins.  Plaintiff's complaint merely alleges, in conclusory fashion, that he "pleaded for due process" to Judge Kevins in "many" unspecified "correspondence[s] . . . to no avail."  As such, Plaintiff has not plausibly alleged that Judge Kevins played any role in Plaintiff's alleged failure to receive copies of the notices of entry.

1983 [it] is therefore[ ] not a suable entity" (quoting 42 U.S.C. § 1983)) (additional citation omitted). Therefore, Plaintiff's Section 1983 claims against the NYSCJC and the AG's Office and are not plausible and are thus dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

### 4. Lack of Personal Involvement

Although Plaintiff also names Belluck and James as defendants, Plaintiff does not mention either of these individuals in the body of the complaint nor are there any factual allegations against either of them. Indeed, the only mention of these individuals is found in the caption of the complaint and the section of complaint that identifies the parties. (See generally Compl.) In order to allege a plausible § 1983 claim, a plaintiff must allege the personal involvement of the defendant in the purported constitutional deprivation. Farid, 593 F.3d at 249 (citing Farrell, 449 F.3d at 484); Bass v. Jackson, 790 F.2d 260, 263 (2d Cir. 1986) (A plaintiff must "allege a tangible connection between the acts of a defendant and the injuries suffered."). Where a Section 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter of law. See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

To the extent Plaintiff seeks to impose liability against these defendants based on the supervisory positions they hold, Plaintiff has not sufficiently alleged their personal involvement. An "individual cannot be held liable for damages under Section 1983 'merely because he held a high position of authority.'" Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004) (quoting Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996)). Instead, "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution'" or laws of the United States. Tangreti v. Bachmann, 983 F.3d 609, 618 (2d Cir. 2020) (quoting Iqbal, 556 U.S. at 676). Thus, Plaintiff has

13

not alleged a plausible claim against Belluck and James and these claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

### C. State Law Claims

Given the dismissal of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over any remaining state laws claims Plaintiff may have and any such claims are thus dismissed without prejudice. See 28 U.S.C. § 1367(c)(3); see also Carnegie Mellon Univ. v. Cohill, 484 U.S. 343 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").

### D. Leave to Amend

Given the Second Circuit's guidance that a *pro se* complaint should not be dismissed without leave to amend unless amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here. Because the defects in Plaintiff's claims are substantive and would not be cured if afforded an opportunity to amend, leave to amend the Complaint is denied.

## III.     CONCLUSION

For the forgoing reasons, the Plaintiff's application to proceed *in forma pauperis* is granted. However, Plaintiff's complaint is dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii).  Leave to amend the complaint is denied.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court shall enter judgment accordingly, mail a copy of this Order to the Plaintiff at his last known address, note such mailing on the docket, and close this case.

**SO ORDERED.**

_____/s/ (JMA)_____
Joan M. Azrack
United States District Judge

Dated:   July 8, 2024
             Central Islip, New York